A. W. FENTON CO., INC., BY R. W. GRESHAM *v.* UNITED STATES

**No. 7028.**—Invoice dated Warmensteinach, Germany, May 13, 1936.
    Certified May 13, 1936.
    Entered at Cleveland, Ohio, June 4, 1936.
    Entry No. 1352.

(Decided March 14, 1947)

*E. D. Howald* for the plaintiff.

*Paul P. Rao,* Assistant Attorney General (*Harold L. Grossman, Dorothy C. Bennett,* and *Howard L. Harawitz,* special attorneys), for the defendant.

MOLLISON, Judge: This appeal for reappraisement involves an importation of merchandise described on the invoice as "Glass Powder." When the case was called for trial counsel for the parties entered into the following stipulation:

(1) That on September 20, 1940, the Secretary of the Treasury made a finding of dumping, promulgated as T. D. 50233, with respect to glass frostings from Germany;

(2) That the merchandise herein consists of glass frostings entered at the port of Cleveland on June 4, 1936;

(3) That on December 2, 1940, the appraiser at said port appraised the merchandise herein, in accordance with the provisions of section 402 of the Tariff Act of 1930, and on November 30, 1940, made an appraisement report under the Antidumping Act of 1921 with respect to the imported merchandise. under the authority of the aforesaid finding of dumping by the Secretary of the Treasury;

(4) That within 30 days after date of notice of said appraisement and appraisement report the importer herein filed an appeal to reappraisement;

(5) That on August 1, 1942, the Secretary of the Treasury promulgated T. D. 50694, amending T. D. 50233, dated September 20, 1940, effective as of the latter date, by inserting after the word "frostings" wherever that word appears therein the words "consisting of small uncolored flakes of glass";

(6) That the imported merchandise herein is not frostings consisting of small uncolored flakes of glass, as provided for in T. D. 50233 as amended by T. D. 50694;

(7) That the entered and appraised values of the instant merchandise under the provisions of section 402 of the Tariff Act of 1930 correctly represent the market values or the prices at the time of exportation of such merchandise to the United States at which such or similar merchandise was freely offered for sale to all purchasers in the principal market of Germany in the usual wholesale quantities and in the ordinary course of trade, including the costs of all containers and coverings of whatever nature and all other costs, charges, and expenses incident to placing the merchandise in condition, packed, ready for shipment to the United States;

(8) That the export value as that value is defined in Section 402 (d) of the Tariff Act of 1930 is not higher than the foregoing entered and appraised values;

(9) This case is submitted for decision on this stipulation.

Relying upon the foregoing stipulation as establishing the facts therein recited, I find that the merchandise in question was not such glass frostings as were covered by the finding of dumping made by the Secretary of the Treasury and promulgated in T. D. 50233, as amended

by T. D. 50694, and hold that the appraisement under the Antidumping Act of 1921 was therefore improper and void and is of no effect. I further hold that foreign value as that value was defined in section 402 (c) of the Tariff Act of 1930, prior to amendment by the Customs Administrative Act of 1938, was the correct basis of value for the merchandise in question for the purpose of appraisement under the Tariff Act of 1930; that such value was as shown by the entered and appraised values of the merchandise, and that export value as that value is defined in section 402 (d) of the said act was not higher than said foreign value.

Judgment will therefore issue accordingly.